UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:09-CR-00044-BR
NO: 7:11-CV-00011-BR

| | | |
|---|---|---|
| ROBERT LEONARD COOMBS | ) | |
| | ) | |
| | ) | |
| V. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court for initial review of a 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 3 August 2009, pursuant to a plea agreement, petitioner pled guilty to conspiracy to defraud the United States, to making false claims, and to aggravated identity theft. As part of the plea agreement, petitioner agreed "[t]o waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground . . . and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." (Pl. Ag. ¶ 2(c).) Petitioner was sentenced to a 106-month term of imprisonment.

Because the plea agreement contains a post-conviction rights waiver, the court first examines whether that waiver is valid. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United

States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).  The court's contemporaneous minute entry at petitioner's arraignment reflects that the court reviewed the pertinent terms of the plea agreement with petitioner and found he entered his plea knowingly and voluntarily.  The court now explicitly finds that the appellate/post-convictions rights waiver, as a part of the plea agreement, was also knowing and voluntary.

Having so found, the court must determine whether petitioner's claims are within the scope of the waiver.  See Henderson v. United States, Nos. 5:05-CR-163-FL, 5:08-CV-319-FL, 2009 WL 1578578, at *2 (E.D.N.C. June 4, 2009).   Petitioner advances a number of claims which concern ineffective assistance of counsel in conjunction with sentencing, namely that counsel failed to explain the presentence report to petitioner, (Pet. at 4); failed to disclose his "mental history" to the court, (id. at 7); and failed to disclose letters from friends and family to the court, (id. at 8).  These claims fall outside the scope of the waiver, and petitioner is not barred from bringing them.

Petitioner's other claim is based on sentencing enhancements.  (See Pet. at 5.)  Obviously this claim concerns a purported error on the part of the court.  Because the claim is not based upon ineffective assistance of counsel or prosecutorial misconduct, it is within the scope of the post-conviction rights waiver and will be dismissed.

In sum, petitioner's claim based on purportedly improper sentencing enhancements is DISMISSED.  Petitioner's ineffective assistance claims remain. The United States Attorney is DIRECTED to file an Answer pursuant to Rule 5, Rules Governing § 2255 Proceedings, or to

make such other response as appropriate within **forty (40)** days of the filing of this order.

This 28 January 2011.

_____
W. Earl Britt
Senior U.S. District Judge