UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:09-CR-00044-BR
NO: 7:11-CV-00011-BR

| | | |
|---|---|---|
| ROBERT LEONARD COOMBS | ) | |
| | ) | |
| | ) | |
| V. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court on the government's motion to dismiss petitioner's motion filed under 28 U.S.C. § 2255. Petitioner filed a response in opposition to the government's motion.

By order of 28 January 2011 and on initial review of this § 2255 motion, the court dismissed petitioner's claim based on sentencing enhancements. Because his claims based on ineffective assistance of counsel were not barred by the terms of the post-conviction rights waiver in his plea agreement, the court allowed those claims to proceed. The government filed the instant motion in response to the court's order.

The government claims that petitioner has failed to state claims upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On such a challenge,

> a court must determine whether the complaint is legally and factually sufficient. A court need not accept a [habeas motion's] legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the [habeas motion] by reference, and matters of which a court may take judicial notice."

Santos-Rodriguez v. Revell, No. 5:09-HC-2115-D, 2011 WL 1791650, at *1 (E.D.N.C. May 10, 2011) (citations omitted).

The applicable legal standard for an ineffective assistance claim is well established. Under the principles of Strickland v. Washington, 466 U.S. 668 (1984):

> a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Under the second prong of *Strickland* 's test, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." For counsel's trial performance to be deficient, he must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's representation fell below an objective standard of reasonableness." To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Under *Strickland,* a reasonable probability is a "probability sufficient to undermine confidence in the outcome." Furthermore, and of importance here, in conducting the ineffectiveness inquiry, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), cert. denied, 122 S. Ct. 2311 (2002).

First, petitioner contends that counsel was ineffective for failing to explain the presentence report ("PSR"). More specifically, he claims that counsel failed to explain why a point was added to his criminal history in the second revised PSR and what impact it had on sentencing. (Pet., DE # 176, at 5.) Petitioner is not entitled to relief on this claim. Under oath, petitioner admitted that he and his counsel had received and reviewed the PSR. (1/12/10 Tr., DE # 192, at 2.) Petitioner is bound by this statement. See United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005) (rejecting as "palpably incredible and patently frivolous or false" allegations contained in § 2255 motion which contradict the defendant's testimony during his Rule 11

2

colloquy and sentencing hearing). Furthermore, assuming counsel's performance was somehow deficient in this regard, petitioner was not prejudiced. Petitioner's criminal history points total 17, establishing a criminal history category of VI. (PSR ¶ 33.) Even without the one additional point, petitioner's criminal history category would still have been VI. See U.S.S.G. § Ch. 5, Pt. A (2009) (13 or more criminal history points establish criminal history category of VI). Thus, the one point increase had no impact on petitioner's guideline calculation.

Second, petitioner claims counsel was ineffective for failing to disclose petitioner's mental health history to the court. (Pet., DE # 176, at 8; Resp., DE # 191.) Although counsel did not specifically mention petitioner's mental health issues during the sentencing hearing, the court was indeed aware of them. The PSR recounts information petitioner disclosed to the probation officer about his mental and emotional health, namely that he suffered from bouts of depression, that he had previously attempted suicide, and that his family has a history of mental health problems. (PSR ¶ 40.) Therefore, petitioner was not prejudiced by his counsel's failure to inform the court of petitioner's mental health issues.

Finally, petitioner cites counsel's failure to present letters from petitioner's family and friends for the court to consider. (Pet., DE # 176, at 9.) Petitioner states, "[W]ithout letters from friends and family, then the court knows nothing about the petitioner's family ties." (Resp., DE # 191.) Actually, the PSR disclosed, and the court considered, information about petitioner's family. (See PSR ¶¶ 36, 37.) Petitioner was not prejudiced by counsel's failure to bring this information to the court's attention at sentencing.

Petitioner is not entitled to relief. The government's motion is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial

3

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 21 July 2011.

_____
W. Earl Britt
Senior U.S. District Judge